**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO GONZALEZ PROCOPIO,<br><br>                        Petitioner,<br><br>              v.<br><br>MARKWAYNE MULLIN, et al.<br><br>                        Respondents. | Case No. 5:26-cv-01793-SP<br><br>**ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

**I.**

**INTRODUCTION**

On April 10, 2026, petitioner Armando Gonzalez Procopio, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").  Docket no. 1.  Petitioner is currently being held at the U.S. Immigration and Customs Enforcement ("ICE") Desert View Annex Detention Facility in Adelanto.  Petitioner contends his current detention is unlawful because 8 U.S.C. § 1225(b) does not authorize his detention.

Also on April 10, 2026, petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO").  Docket no. 5.  The TRO is supported by a declaration of petitioner's counsel Megan Brewer ("Brewer Decl.") and exhibits.  *Id.*  Petitioner seeks

1

immediate release from custody or an individualized bond hearing before an immigration Judge. On April 11, 2026, petitioner's counsel filed a notice and declaration with the court stating that she had conferred with respondents' counsel, who informed her they would not oppose petitioner's ex parte application. Docket no. 11.

For the reasons discussed below, the court grants petitioner's TRO and orders his immediate release.

## II.

## **BACKGROUND**

Petition is a native and citizen of Mexico. Brewer Decl. ¶¶ 4, 7, Exs. 1, 4. He is presently detained in the ICE Desert View facility in Adelanto, California. TRO at 3; Brewer Decl. ¶ 4, Ex. 1. He has lived and worked in Big Bear, California for over 20 years and has no criminal record. TRO at 3; Brewer Decl. ¶ 12, Ex. 9. Petitioner's wife is now in hospice due to terminal brain cancer and likely has only a few days left to live. TRO at 3; Brewer Decl. ¶¶ 12, 15, Exs. 9, 12.

Petitioner was arrested by immigration officers and placed into removal proceedings on March 31, 2026. TRO at 3; Brewer Decl. ¶ 7, Ex. 4. He was issued a Notice to Appear charging him with a violation of 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without having been admitted or paroled. TRO at 3; Brewer Decl. ¶ 7, Ex. 4. Petitioner is currently in removal proceedings and has a hearing before an Immigration Judge scheduled for April 22, 2026. TRO at 3; Brewer Decl. ¶ 5, Ex. 2. Petitioner requested a custody redetermination hearing ("bond hearing") pursuant to 8 C.F.R. § 1236 which was denied by the Immigration Judge based on lack of jurisdiction. Brewer Decl. ¶ 6, Ex 3.

## III.

## **DISCUSSION**

**A.    Legal Standard**

To justify ex parte relief, the moving party must show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed

2

motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation and internal quotation marks omitted).   Thus, in order to obtain a temporary restraining order, the petitioner bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted).   The Ninth Circuit also applies a "sliding scale" approach to preliminary injunctions and temporary restraining orders, such that "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**B.     This Court Has Jurisdiction Over the Petition and TRO**

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).   "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).   Here, petitioner argues he should be released because 8 U.S.C. § 1225(b) does not authorize his detention.   TRO at 6-14.   He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases,

3

or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018) (citation omitted).  The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19, 140 S. Ct. 1891, 207 L. Ed. 2d 353 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted).  Accordingly, because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**C.    Petitioner Is Entitled to Relief**

Petitioner has satisfied the requirements of ex parte relief.  Petitioner has shown that he will be irreparably prejudiced if the Petition is heard according to regular noticed motion procedures because his wife is presently in hospice with terminal brain cancer and is likely to pass away in the near future.  *See* Brewer Decl. ¶¶ 12, 15, Exs. 9, 12.  In such circumstances, time is of the essence.  Petitioner is also without fault in creating the instant crisis since he has already sought relief in the normal course, petitioning the Immigration Court for release on bond, but was denied.  *See id.* ¶ 3, Ex. 6.

In addition, petitioner has made a strong showing that he is likely to succeed on the merits of his claim.  Petitioner is a member of the Bond Eligible class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  In entering final judgment in *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory

detention under § 1225(b)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, *1.  The *Maldonado Bautista* court also later vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*,[1] finding it contrary to current law under the Administrative Procedure Act.  *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

The declaratory relief issued by the *Maldonado Bautista* court has "the force and effect of a final judgment or decree" and respondents are legally obligated to comply with the court's order.  28 U.S.C. § 2201; *see also Herrera v. Lyons*, 2026 WL 859172, at * 3 (C.D. Cal. Mar. 16, 2026) (citations omitted).  Although the final judgment in *Maldonado Bautista* has been partially stayed pending appeal, the stay applies only "insofar as [it] extends beyond the Central District of California."  *See Maldonado Bautista v. U.S. Dep't of Homeland Security*, 26-1044, docket no. 5 at 1 (9th Cir. Mar. 6, 2026).  Therefore, the declaratory judgment remains in effect in this district.  Thus, in accordance with the final declaratory judgment in *Maldonado Bautista*, the court concludes petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2).

Petitioner has also made a strong showing that he will suffer irreparable harm in the absence of preliminary relief.  Petitioner has shown that he is likely to suffer irreparable harm because he has been and may continue to be "unconstitutionally detained for an indeterminate period of time" due to the fact that he has not received a proper bond hearing pursuant to 8 U.S.C. § 1226(a).  *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  In addition, petitioner has shown that he would be deprived of the opportunity to say goodbye to his terminally ill wife who is expected to pass away

---

[1]      *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border."  *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

imminently.  TRO at 0; Brewer Decl. ¶¶ 12, 15, Exs. 9, 12.  The inability to do so because of a detention scheme previously found unlawful by this court constitutes an irreparable injury of the highest order.

"The last two *Winter* factors 'merge when the Government is the opposing party.'" *Kaur v. Bowen*, 2026 WL 252494, at *4 (C.D. Cal. Jan. 21, 2026) (citing *Nken v. Holder*, 556 U.S. 418, 435, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)).  The court finds that both factors strongly favor petitioner.  Given the circumstances of petitioner, particularly his wife's grave medical condition, his strong ties to the community, his lack of criminal record, and the government's non-opposition to the TRO, the balance of the equities tip sharply in his favor.  *See* TRO at 3; Brewer Decl. ¶ 12, Ex. 9.  Additionally, it is always in the public interest to prevent the violation of a party's constitutional rights, . . . because all citizens have a stake in upholding the Constitution."  *Doe v. Horne*, 115 F.4th 1083, 1099-1100 (9th Cir. 2024) (citations and internal quotation marks omitted). Therefore, the balance of equities and public interest tip sharply in petitioner's favor.

 In sum, the court finds that petitioner has demonstrated a strong likelihood of success on the merits, he is likely to suffer irreparable injury without relief, the balance of equities tip in his favor, and the granting of the TRO is in the public interest. Accordingly, the court finds that the issuance of a TRO is necessary to prevent grave and irreparable injury to petitioner.

**D.    Remedy**

Petitioner requests release from immigration custody or, in the alternative, an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). TRO at 0, 20.  Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a).  *See Maldonado Bautista*, 2025 WL 3678485, at *1; *see Herrera*, 2026 WL 859172, at *3.  Based on the facts of this case, however, the court finds that such a remedy would be inadequate to provide complete relief to petitioner.

6

As other courts have recognized, "the Ninth Circuit has stayed the trial court order in [*Maldonado*] *Bautista* insofar as it vacated *Matter of Yajure Hurtado*." *Kun*, 2026 WL 931541, at *5. Because some immigration judges continue to rely on *Yajure Hurtado* to deny bond, some courts have found "that ordering a *Bautista* section 1226(a) bond hearing as a remedial measure would likely be futile." *Id.*; *see also Arzola Contreras v. Mullin*, No. 5:26-cv-01502-AJR, docket no. 13 at 7 (C.D. Cal. Apr. 10, 2026). The record indicates that would be the case here (*see* Brewer Decl., Ex. 3), and thus the court agrees that in this case a bond hearing would be futile. As such, given the facts of the case, including petitioner's lack of criminal history, the exigent circumstances surrounding his wife's terminal illness, the importance of protecting petitioner's constitutional rights, and futility of ordering another bond hearing, the court finds that immediate release is the proper remedy. *See Kun*, 2026 WL 931541, at *5-6.

**E.    No Bond Is Required**

Typically, the moving party is required to post a bond prior to the issuance of a preliminary injunction or temporary restraining order under Federal Rule of Civil Procedure 65(c). However, the "court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). The court therefore waives the bond requirement in this case.

//

//

## IV.

## **CONCLUSION**

Based on the foregoing, the court GRANTS petitioner's ex parte application for a temporary restraining order (docket no. 5).  IT IS ORDERED:

1.      Respondents shall immediately release petitioner from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring.

2.      Respondents shall file a declaration no later than 5:00 p.m. on April 14, 2026, confirming petitioner has been released from custody.

3.      This Order shall remain in effect for a period of 30 days from its date of entry, after which it shall expire absent further order of the court.

The court will address further proceedings in this case in a separate order.

DATED: April 13, 2026

_____
SHERI PYM
United States Magistrate Judge